UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-CV-14264-ROSENBERG
MAGISTRATE JUDGE REID

RAYMOND PERRY,

     Petitioner,

v.

MARK S. INCH,

     Respondent.

_____/

## **REPORT RE DISMISSAL FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)**

### **I. Introduction**

The *pro se* petitioner, **Raymond Perry,** a state convicted felon, currently confined at Wakulla Correctional Institution, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 [ECF No. 1]. He attacks the constitutionality of his conviction and sentence entered in St. Lucie County Circuit Court Case No. 2006CF004408A.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C) and Rules 8 and 10 Governing Section 2254 Cases in the United States District Courts. [ECF No. 6]. No order to show cause

has been issued because the petition, as filed, is subject to dismissal as an unauthorized successive petition.

The undersigned has reviewed the instant federal habeas petition [ECF No. 1], together with the petitioner's prior habeas petition filed with this court, in **Case No. 10-CV-14189-KMM**, and takes judicial notice of the records and the filings contained therein. *See* Fed. R. Evid. 201.

## II. Procedural History

In 2011, in Case No. **10-CV-14189-KMM**, the Court denied Petitioner's initial petition for writ of habeas corpus with prejudice as procedurally barred. *See Perry v. McNeil*, Case No. 10-CV-14189-KMM, Paperless Order Adopting Report and Recommendation [ECF No. 29] (S.D. Fla. Apr. 26, 2011); *see also Perry v. McNeil*, Case No. 10-CV-14189-KMM, Report and Recommendations [ECF No. 27] (S.D. Fla. Mar. 24, 2011).

Petitioner has now come to this Court again, filing the instant § 2254 petition, challenging the same state court criminal case challenged in his first habeas petition in Case No. 10-CV-14189-KMM. For the reasons explained in this report, the petition should be dismissed for lack of jurisdiction as an unauthorized successive petition.

### III. Discussion

Petitioner is attempting to reassert new claims in the current § 2254 petition. In accordance with 28 U.S.C. § 2244(b)(3)(A), "[B]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *See* 28 U.S.C. § 2244(b)(3)(B) and (C). Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider a successive petition. *See* 28 U.S.C. §2244(b)(2)-(3); *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *El-Amin v. United States*, 172 F. App'x 942, 946 (11th Cir. 2006). There is no evidence that Petitioner has sought leave from the Eleventh Circuit.

Because the instant federal petition challenges the legality of the same state court judgment that was the subject of Petitioner's prior § 2254 action, this later filing is successive and subject to dismissal as successive. Petitioner must seek

authorization from the Eleventh Circuit Court of Appeals to file a successive petition.

## IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## V. Recommendation

It is therefore recommended that this petition for writ of habeas corpus [ECF No. 1] be dismissed for lack of jurisdiction for failure of Petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. § 2244(b)(3). Further, no certificate of appealability should issue and this case should be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 7th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   RAYMOND PERRY
      G-094013
      Wakulla Correctional Institution
      Inmate Mail/Parcels
      110 Melaleuca Drive
      Crawfordville, FL 32327
      PRO SE

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com